FILED
John E. Triplett, Acting Clerk
United States District Court

By mgarcia at 11:32 am, Oct 14, 2020

# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA

    v.

STEPHEN M. KELLY, et al.,

    Defendants.

CR 2:18-022

## ORDER

Before the Court are the Motions to Set Aside Conviction on One Count filed by Defendants Stephen Michael Kelly, Mark Peter Colville, Clare Therese Grady, Martha Hennessy, Patrick M. O'Neill, and Carmen Trotta (collectively, "Defendants").[1] Dkt. Nos. 719, 720, 722, 723, 724, 725, 726.  On October 24, 2019, all six Defendants were convicted by a jury of one count of conspiracy in violation of 18 U.S.C. § 371 ("Count 1"), one count of destruction of property on a naval installation in violation of 18 U.S.C. § 1363 ("Count 2"), depredation of government property in violation of 18 U.S.C. § 1361 ("Count 3"), and trespass in violation of 18 U.S.C. § 1382.  Dkt. No. 704.  Defendants filed

---

[1] Co-Defendant Elizabeth McAlister filed a similar motion, see Dkt. No. 721, but the Court denied that motion at Defendant McAlister's sentencing hearing.  See Dkt. No. 849 at 1.  As of the date of this Order, the other six Defendants have not yet been sentenced.

the present Motions on November 7, 2019.  The Motions are largely identical, and each Motion argues that the conviction on Count 2 or Count 3 should be set aside because these counts are multiplicitous and thus violate Defendants' Fifth Amendment protection against Double Jeopardy.

The Court notes that the Magistrate Judge issued a Report and Recommendation, dkt. no. 411, denying a similar multiplicity issue Defendants raised in their pretrial Motions to Dismiss, dkt. nos. 87, 102, 118, 122, 141, 158, 171.  The Court concurred with and adopted the Report and Recommendation as to that issue.  Dkt. No. 504 at 18.  Defendants now make a multiplicity argument as to only Counts Two and Three—the section 1363 and section 1361 counts—and assert that "since the time the pretrial motions were raised and denied, the facts in this case have changed."  See, e.g., Dkt. No. 719 at 2.  Defendants argue that these facts include the Government's failure to present or argue "different evidence to support the conviction[s]" on Counts Two and Three; the Government's failure to even "attempt to indicate that some of the damage was of government property" and other damage was naval installation property; and the Government's telling the jury "that depredation was just another way of saying damage" in its closing arguments.  Id. at 3.  Defendants conclude by stating that "[i]f the [G]overnment had offered proof that the [D]efendants damaged government property outside the base and inside the base, or any

2

evidence to distinguish government property from property on a naval installation," then conviction on both counts would *not* violate Double Jeopardy protections; but because the Government did not offer such proof, one of the convictions must be set aside. Id. at 4.

Defendants' argument suffers a fundamental deficiency:  the Double Jeopardy analysis is not affected by the evidence and arguments presented at trial.  When determining whether Congress intended that two statutory offenses be punished cumulatively, the Court must "examine the elements themselves," and if one offense "requires proof of an element that the other offense does not, we need look no further in determining that the prosecution of both offenses does not offend the Fifth Amendment."  United States v. Hassoun, 476 F.3d 1181, 1185-86 (11th Cir. 2007) (referring to the seminal Double Jeopardy test set forth in Blockburger v. United States, 284 U.S. 299 (1932)).  Supreme Court precedent consistently tells us that "the Court's application of the [Blockburger] test focuses on the statutory elements of the offense," regardless of even "substantial overlap in the proof offered to establish the crimes."  Iannelli v. United States, 420 U.S. 770, 785 (1975).

Here, as the Magistrate Judge previously demonstrated, Count Two and Count Three each require proof of a fact that the other does not.  Dkt. No. 411 at 72.  Count Two is based on violation of 18 U.S.C. § 1363, which provides:

3

> Whoever, within the special maritime and territorial jurisdiction of the United States, willfully and maliciously destroys or injures any structure, conveyance, or other real or personal property, or attempts or conspires to do such an act, shall be fined under this title or imprisoned not more than five years, or both, and if the building be a dwelling, or the life of any person be placed in jeopardy, shall be fined under this title or imprisoned not more than twenty years, or both.

Pursuant to the statute, the Government was required to prove that Defendants: (1) "willfully and maliciously"; (2) "detroy[ed] or injure[d]" (or attempted to do so); (3) "any structure, conveyance, or other real or personal property"; (4) "*within the special maritime and territorial jurisdiction of the United States.*"  Id. (emphasis added).  Count Three, on the other hand, is based on violation of 18 U.S.C. § 1361, which provides:

> Whoever willfully injures or commits any depredation against any property of the United States, or of any department or agency thereof, or any property which has been or is being manufactured or constructed for the United States, or any department or agency thereof, or attempts to commit any of the foregoing offenses, shall be punished as follows:

> If the damage or attempted damage to such property exceeds the sum of $1,000, by a fine under this title or imprisonment for not more than ten years, or both; if the damage or attempted damage to such property does not exceed the sum of $1,000, by a fine under this title or by imprisonment for not more than one year, or both.

Pursuant to the statute, the Government was required to prove that Defendants: (1) "willfully"; (2) "injure[d] or commit[ed] any depredation"; (3) "*against any property of the United States.*" Id. (emphasis added).

4

On their faces, the statutes underlying Counts Two and Three each contain an element that the other does not. Namely, section 1363 requires Defendants to have committed the offense in a particular location: the special maritime and territorial jurisdiction of the United States. Section 1361 does not contain this location requirement. On the other hand, Section 1361 does require the property injured or depredated by Defendants to have belonged to the United States. Section 1363 does not contain this ownership requirement. Absent any contrary evidence of Congressional intent, the Court must presume that Congress intended sections 1361 and 1363 to be punished cumulatively. See United States v. Lanier, 920 F.2d 887, 894 (11th Cir. 1991); Albernaz v. United States, 450 U.S. 333 (1981). The parties have presented no arguments for—and the Court has not identified—any such legislative intent. To the contrary, both statutes' "provi[sions] for different maximum punishments"—twenty years for section 1363 and ten years or one year for section 1361—suggest that Congress *did* intend to "allow for separate and distinct punishment" for each of these crimes. See United States v. Gonzalez, 834 F.3d 1206, 1220 (11th Cir. 2016).[2]

---

[2] In their Motions, Defendants argue that a case from the Eastern District of Tennessee supports their argument that sections 1361 and 1363 are multiplicitous. See, e.g., Dkt. No. 719 at 3 (citing United States v. Walli, No. 3:12-cr-107, 2013 WL 1773617 (E.D. Tenn. Mar. 11, 2013)). They suggest that because "[c]ounsel argued that [sections 1361 and 1363] were essentially double punishments

For the reasons stated above and previously by the Magistrate Judge, dkt. no. 411, Defendants' Motions to Set Aside Conviction on One Count, dkt. nos. 719, 722, 723, 724, 725, 726, are **DENIED**.

**SO ORDERED**, this 14th day of October, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

for the same action," the Government "voluntarily dismissed the 18 U.S.C.[ § ]1363 count." Id. In Walli, however, the Government moved to dismiss the section 1363 count because "[u]pon further investigation," it had "determined that it [wa]s unable to establish jurisdiction" as to that count. No. 3:12-cr-107, ECF No. 123 (Apr. 25, 2013). In the case at bar, the Government did not move to dismiss either count. Thus, Walli does not support Defendants' argument.

6